HERALD NEWS CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10723.   Promulgated June 24, 1927.

Claimed deductions on account of additional salaries for the calendar year 1919 disallowed for failure of proof.

*K. S. Mandell, C. P. A.*, for the petitioner.
*George G. Witter, Esq.*, for the respondent.

This proceeding results from the determination of a deficiency in income and profits taxes for the calendar year 1919, in the amount of $7,749.92. Two errors are alleged in the petition, (1) the disallowance as a deduction for 1919 of additional salaries to the officers of petitioner for the year 1919 which were voted and paid in March, 1920, in the amount of $16,100, and (2) the allowance as a deduction in 1919 of an amount covering certain European traveling expenses of H. D. Slater. No evidence was introduced either by oral testimony or depositions and our findings of fact are based upon the allegations of the petition, as admitted by the answer.

FINDINGS OF FACT.

Petitioner, a Texas corporation with principal offices at El Paso, filed its return on a calendar year basis and reported its income on an accrual basis. H. D. Slater, president of petitioner, enlisted in the military service of the United States in August, 1917, leaving El Paso at that time, and not returning until March, 1920. He was discharged from the United States Army on May 30, 1919, while a member of the American Expeditionary Forces, and remained in

Europe until his return to El Paso in March, 1920. During this period, he traveled extensively, gathering material for the newspaper published by petitioner. At the time of Slater's departure, in 1917, he made a verbal agreement with J. C. Wilmarth, vice president and general manager of petitioner, to the effect that there would be no change in the salaries of officers of petitioner until after his return, but that after his return, suitable adjustments could be made. Immediately upon his return in March, 1920, additional salaries in the amounts of $8,100 to H. D. Slater, and $8,000 to J. C. Wilmarth, covering the year 1919, based upon a fixed salary and a percentage of gross revenue of petitioner, were paid and ratified by vote of the board of directors of petitioner.

H. D. Slater paid all expenses incurred in his travels in Europe out of personal funds, there being no agreement, actual or implied, whereby the petitioner assumed any liability for such expenses. Slater was not reimbursed by petitioner for these expenses and he never rendered an expense account; in fact, he kept no record of the amount expended.

### OPINION.

MILLIKEN: We are asked to decide in this proceeding that respondent committed error in his refusal to allow as a deduction for the calendar year 1919 additional salaries voted and paid to two officers of the petitioner. We have often stated that when a petition is filed alleging error in the determination of the respondent, evidence must be adduced to prove the error by reason of which the proceeding has been instituted. Counsel for petitioner submitted the case upon the admissions contained in the answer filed by respondent and we have set forth the admissions in our findings of fact. From those meagre facts, we are not able to state that the respondent erred. We do not know whether, pursuant to the provisions of section 234 (a) (1) of the Revenue Act of 1918, the additional salaries paid for the year 1919, constitute a reasonable allowance for personal services actually rendered. Indeed, we would have no basis from the state of the record, for indulging in the assumption that the two officers rendered any service to the petitioner during the year 1919.

Counsel for petitioner was cautioned at the hearing of this cause, that the facts admitted by respondent were not sufficient to entitle him to the relief sought. Subsequent to the hearing, a motion was filed to introduce additional evidence. The motion was denied. In brief filed, many facts, not of record, are related which well might entitle petitioner to a judgment in its behalf, but we must be bound by the facts of record as set forth in our findings of fact.

Petitioner averred in petition filed that respondent erred in allowing as a deduction for the year 1919 certain European traveling

expenses of H. D. Slater. In answer filed, respondent admitted the error. In the redetermination of the deficiency for the year 1919, the traveling expenses should be disallowed.

*Judgment will be entered on 15 days' notice, under Rule 50.*